UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEECHWOOD RESTORATIVE CARE CENTER,
BROOK CHAMBERY, and OLIVE CHAMBERY,

                    Plaintiffs,

  -vs-

LAURA E. LEEDS, EDMUND RUSSELL
ALTONE, ROBERT W. BARNETT, ANNA D.
COLELLO, ARLENE L. GRAY, HENRY M.         02-cv-6235
GREENBERG, ANTONIO C. NOVELLO,
STEVEN B. STEINHARDT, DENNIS P.
WHALEN, SANFORD RUBIN, SUSAN T.
BAKER, SHARON A. CARLO, CYNTHIA T.
FRANCIS, NAOMI B. HAUSER, JOSEPH P.
MOORE, MARY ELIZABETH RICH,
and BARBARA W. SANER,

                    Defendants.
_____

# NOTICE OF MOTION

| | |
|---|---|
| MOTION BY: | McConville Considine Cooman & Morin, PC |
| | **-and-** |
| | Geiger and Rothenberg, LLP<br>Attorneys for Plaintiffs |
| DATE, TIME & PLACE: | A Motion Term of this Court to be held at a date and time to be set by the Court, in the United States Courthouse, 100 State Street, Rochester, NY 14614. |
| SUPPORTING PAPERS: | Affidavit of David Rothenberg, Esq., sworn to on September 29, 2010, the exhibits annexed thereto, Affidavit of Brook Chambery, sworn to on 29, 2010, and all prior pleadings and proceedings had herein. |

- 1 -

RELIEF REQUESTED:    An Order pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling defendants to produce documents in response to plaintiffs' notice to produce, or to provide more accurate responses to plaintiffs' third requests for admissions, and granting plaintiffs such other and further relief as to the Court seems just, proper, and equitable.

ORAL ARGUMENT
IS REQUESTED.

PLAINTIFFS INTEND TO
SUBMIT REPLY PAPERS.

Dated: September 29, 2010
       Rochester, NY

                    Kevin S. Cooman, Esq.
                    McCONVILLE CONSIDINE COOMAN & MORIN, PC
                    *Attorneys for Plaintiffs*
                    25 East Main Street, Suite 500
                    Rochester, NY 14614

                    -**and**-

                    s/ David Rothenberg
                    David Rothenberg, Esq.
                    GEIGER and ROTHENBERG, LLP
                    *Attorneys for Plaintiffs*
                    45 Exchange Street, Suite 800
                    Rochester, New York 14614
                    Tel: (585) 232-1946
                    Fax: (585) 232-4746
                    drothenberg@geigroth.com

To:    Gary M. Levine, Esq.
        Assistant Attorney General
        NYS ATTORNEY GENERAL'S OFFICE
        *Attorneys for All Other Defendants*
        144 Exchange Boulevard, Suite 200
        Rochester, NY  14614

        David H. Fitch, Esq.
        UNDERBERG & KESSLER, LLP
        *Attorneys for Defendant Joseph P. Moore*
        300 Bausch & Lomb Place
        Rochester, NY  14604

- 1 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEECHWOOD RESTORATIVE CARE CENTER,
BROOK CHAMBERY, and OLIVE CHAMBERY,

                              Plaintiffs,

   -vs-

LAURA E. LEEDS, EDMUND RUSSELL
ALTONE, ROBERT W. BARNETT, ANNA D.
COLELLO, ARLENE L. GRAY, HENRY M.             02-cv-6235
GREENBERG, ANTONIO C. NOVELLO,
STEVEN B. STEINHARDT, DENNIS P.
WHALEN, SANFORD RUBIN, SUSAN T.
BAKER, SHARON A. CARLO, CYNTHIA T.
FRANCIS, NAOMI B. HAUSER, JOSEPH P.
MOORE, MARY ELIZABETH RICH,
and BARBARA W. SANER,

                              Defendants.
_____

# **AFFIDAVIT**

STATE OF NEW YORK
COUNTY OF MONROE:    ss.

      David Rothenberg, being duly sworn, deposes and says:

      1.     I am an attorney admitted to practice before the United States District Court for the Western District of New York.

      2.     I am a partner in the firm of Geiger and Rothenberg, LLP, co-counsel for the plaintiffs along with McConville Considine Cooman & Morin, PC.

3. I submit this affidavit in support of plaintiffs' motion to compel responses to plaintiffs' third requests for admissions, and notice to produce.

4. This is an action pursuant to 42 U.S.C. Section 1983, against seventeen (17) past or present employees of the New York State Department of Health ("DOH").

5. Plaintiffs contend that, when defendants took the extraordinary step of revoking the operating certificate of Beechwood Restorative Care Center, transferring all its residents to other facilities, and thereby destroying plaintiffs' business, defendants were acting in retaliation for plaintiffs' lawful exercise of First Amendment rights.

6. The factual background of this dispute can be gleaned from the Second Circuit's opinion: <u>Beechwood Restorative Care Center v. Leeds</u>, 436 F.3d 147 (2d Cir. 2006).

7. In the spring of this year, in an effort to close the loop on various factual questions that remained open, despite the numerous depositions conducted in this case, plaintiffs served two discovery requests.

8. On April 22, 2010, plaintiffs served their third requests for admission, pursuant to Rule 36 of the Federal Rules of Civil Procedure, a copy of which is annexed hereto as Exhibit A. Also on April 22, 2010, plaintiffs served a notice to produce pursuant to Rule 34 of the Federal Rules of Civil Procedure, a copy of which is annexed hereto as Exhibit B.

9. On June 25, 2010, defendants served their response to plaintiffs' requests for admission, a copy of which is annexed hereto as Exhibit C.

10. On August 23, 2010, defendants finally served their response to plaintiffs' notice to produce. That response is annexed hereto as Exhibit D.

11. Before filing this motion, counsel for plaintiffs have made good faith efforts to resolve this discovery dispute, as required by Local Rule 37. On July 2, 2010, Kevin S. Cooman, one of the partners at McConville Considine Cooman & Morin, PC, wrote Assistant Attorney General Gary Levine requesting more specific responses to plaintiffs' third request for admissions. (A copy of Mr. Cooman's letter of July 2, 2010, is annexed hereto as Exhibit E.)

12. In addition, and upon information and belief, Mr. Cooman and Mr. Levine spoke on several occasions during August of this year in an effort to obtain responses to plaintiffs' notice to produce.

13. When those responses to plaintiffs' notice to produce were finally served on August 23, 2010, they failed to rectify the deficiencies in defendants' earlier response to plaintiffs' third requests for admission.

14. The scheduling order in this case requires that all motions to compel discovery be filed on or before September 30, 2010. Thus, the instant motion is now required.

15.     The first category of requests for which more specific answers must be compelled is that category which seeks admissions with respect to the absence of any documents in DOH files.

16.     For example, requests for admission nos. 19-21 seek admissions with respect to the fact that defendants failed to produce any notes regarding any defendant's review of plans of correction ("POC") submitted by Beechwood.

17.     Request 19 seeks an admission that no notes were made regarding the review of these plans of correction; request 20 seeks an admission that defendants are unable to produce any POC review notes; and request 21 seeks an admission that the reason defendants cannot produce the notes is because the documents have been lost or destroyed.  (See Exhibit A, ¶¶ 19-21.)

18.     In response, defendants have simply denied requests 19, 20, and 21.  (See Exhibit B.)

19.     At the same time that plaintiffs sought these admissions, plaintiffs also demanded production of any notes made by any defendant of his or her review of the plans of correction.  (See Exhibit C, ¶ 35.)

20.     In response to that demand, defendants stated the following:  "Other than the materials previously provided, there are no known additional documents."  (See Exhibit D, ¶35.)

- 4 -

- 5 -

21.     The problem with this response is that there were no such documents produced at any time by any defendant.  Although a considerable volume of materials has been obtained from DOH in the years since 1999, there are no notes of any individual's review of plans of correction.

22.     Brook Chambery, one of the plaintiffs in this action states in his sworn affidavit of September 29, 2010, that he has reviewed every single document produced by any defendant or by the Department of Health or its representatives, and that nowhere in this document production are there any notes of a review of the referenced plans of correction.

23.     Accordingly, defendants must be compelled to do one of the following:

- If no such documents exist, defendants must admit that no such documents exist, and then admit either that no such documents ever existed, or that they have been lost or destroyed; or

- In the alternative, if such documents do exist, defendants must produce those documents.

24.     Defendants cannot, however, stand on their denials in response to plaintiffs' requests for admissions, yet fail to produce any documents, by implying that such documents were previously produced.

25.     Although Mr. Chambery is certain that the documents requested were never produced, if defendants contend that Mr. Chambery is wrong, they can simply identify the particular documents which they claim are responsive.

26.     This exact same scenario applies to the following requests for admission and corresponding document demands:

- Requests for admission 22-24 seek admissions regarding "reviews" of POC—document demand 36 seeks copies of the "reviews" of POC;

- Requests for admission 25-27 seek admissions with respect to internal DOH documents or worksheets in connection with any review of the POC submitted in response to the April 1999 statement of deficiency—document demand 37 seeks copies of such internal DOH documents or worksheets;

- Requests for admission 28-30 seek admissions with respect to internal DOH documents or worksheets in connection with any review of the POC submitted in response to the May 1999 statement of deficiency—document demand 38 seeks copies of such internal DOH documents or worksheets; and

- Requests for admission 31-33 seek admissions with respect to internal DOH documents or worksheets in connection with any review of the POC submitted in response to the June 1999 statement of deficiency—document demand 39 seeks copies of such internal DOH documents or worksheets.

27.     These specific requests and demands with respect to internal DOH documents or worksheets were occasioned by deposition testimony that suggested such documents were created each time DOH reviewed a plan of correction.

28.     A somewhat different scenario is presented by requests for admissions 16-18, which seek notes made by any defendant regarding the decision making process which resulted in enforcement directives of May 13, 1999.  (Exhibit A, ¶¶ 16-18.)

29.     Defendants deny that no notes were made (Exhibit C, ¶16), yet admit that they are unable to produce any enforcement directive decision making notes.  (Id. ¶ 17.)

- 6 -

However, defendants also deny that the reason they are unable to produce the notes is because the notes have been lost or destroyed.  (Id. ¶ 18.)

30.     Mr. Chambery's affidavit specifically states that no such notes were ever produced.  Accordingly, defendants should be compelled to produce such notes, if they exist, or to admit request 18 if the notes do not exist.

31.     Second, there are numerous document requests in response to which defendants have not produced any documents, but at the same time suggest that such documents exist by stating the following boilerplate language:  "Other than the materials previously provided, there are no known additional documents."  (See Exhibit D, *passim*.)

32.     Defendants provided this misleading response to the following demands:

- Document demand 2 seeking memos prepared by defendant Whalen;

- Document demand 3 seeking minutes taken at executive staff meetings of defendant Novello;

- Document demand 4 seeking daybooks of defendant Collello;

- Document demand 8 seeking notes regarding POC review;

- Document demand 9 seeking notes made in response to conversations with plaintiff Chambery;

- Document demands 12 and 13 seeking written approvals or authorizations of defendant Whalen;

- Document demand 14 seeking schedules for meetings of defendant Whalen concerning Beechwood;

- Document demand 16 seeking briefing materials for defendant Novello;

- Document demand 18 seeking reports from Marie Shea;

- Document demand 28 seeking reference guide or explanatory documents;

- Document demand 29 seeking April 21, 1999 survey notes;

- Document demand 49 seeking chain of custody records for notebooks kept by defendant Carlo;

- Document demand 50 seeking a written "litigation hold" in this case; and

- Document demand 52 seeking defendant Gray's notebooks and calendars.

33. As the affidavit of plaintiff Chambery states, defendants have never produced any documents in response to any of these demands. If such documents exist, defendants should be compelled to produce them; if the documents do not exist, defendants should be required to so state.

34. Third, plaintiffs seek an order compelling defendants to produce two sets of documents, the existence of which is not disputed, but the production of which has not occurred.

35. Request no. 1 seeks the expense reports for Arlene Gray with respect to her travel to Rochester, New York, during the relevant timeframe; and request no. 17 seeks the same for Marie Shea.

- 8 -

36.     Defendants have not disputed that such expense records exist, but simply contend that someone is working on that.  However, after working for over five months without producing the documents, defendants apparently need an order compelling such production, in order to move them along.

37.     Fourth, plaintiff seeks information regarding the archiving of defendant Altone's emails.  (See Exhibit B, ¶ 5.)

38.     Defendants' response to this request is unclear.  Defendants dispute the relevancy of this request and at the same time seem to suggest that all known documents have been produced.

39.     Insofar as the relevancy objection is concerned, these emails are highly relevant.  Some of the most incriminating statements made by any defendant are found in the emails of defendant Altone, which were not timely produced, either in the administrative proceeding or early in this litigation, but were only produced after the Court overruled defendants' privilege objections.

40.     Furthermore, these emails were archived in a peculiar fashion, whereby Mr. Altone sent himself copies of many of the emails.

41.     Next, paragraph 21 of the notice to produce (Exhibit B) seeks documents regarding changes and proposed changes in the DOH adjudication process.

42. Defendants have objected to this request on the grounds that is seeks "drafts which are protected by the deliberative process and other privileges." (Exhibit D, ¶ 21.)

43. Plaintiffs respectfully submit, however, that any writings regarding changes or proposed changes in the adjudicative process, including drafts thereof, are directly on point because they cannot help but refer to the revocation of plaintiffs' operating certificate which gave rise to this action.

44. The deposition testimony has established that, during the relevant timeframe, Beechwood was the only facility in the State of New York for which this drastic enforcement remedy was employed. No other facility, even facilities with chronic violations, or facilities that were the subject of criminal prosecutions, were respondents in administrative proceedings to revoke the operating certificate.

45. Thus, any comments regarding deficiencies, inadequacies, or infirmities in the adjudicative system, or any writings recommending changes in that system, are relevant to plaintiffs' claims in this action.

46. Moreover, defendants cannot hide behind this "deliberative" process, because the individuals who were proposing such changes or drafting such changes, such as defendant Greenberg, were directly involved in the Beechwood revocation procedures.

47. Finally, request 53 seeks a copy of defendant Gray's file regarding Beechwood. This file was in existence at the time of the administrative hearing.

48. Plaintiff Chambery's affidavit states that defendant Gray's file was produced after she testified at the administrative hearing in 1999. The file was reviewed and indexed by Kevin Cooman, Esq.

49. Plaintiff Chambery has reviewed the Cooman index of defendant Gray's file, and states that none of the file's contents have been produced by the defendants.

**WHEREFORE,** plaintiffs respectfully request the entry of an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure, compelling defendants to produce documents in response to plaintiffs' notice to produce, or to provide more accurate responses to plaintiffs' third requests for admissions, and granting plaintiffs such other and further relief as to the Court seems just, proper, and equitable.

    s/ David Rothenberg
David Rothenberg, Esq.

Sworn to before me on the
29th day of September 2010.


    s/ Beverly G. Evans
*Notary Public in the State of New York*
*Monroe County*
*Commission Expires 10-30-2010*

- 11 -