UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEECHWOOD RESTORATIVE CARE CENTER,
BROOK CHAMBERY, and OLIVE CHAMBERY,

                             Plaintiffs,

     -vs-

LAURA E. LEEDS, EDMUND RUSSELL
ALTONE, ROBERT W. BARNETT, ANNA D.
COLELLO, ARLENE L. GRAY, HENRY M.
GREENBERG, ANTONIO C. NOVELLO,                 02-cv-6235
STEVEN B. STEINHARDT, DENNIS P.
WHALEN, SANFORD RUBIN, SUSAN T.
BAKER, SHARON A. CARLO, CYNTHIA T.
FRANCIS, NAOMI B. HAUSER, JOSEPH P.
MOORE, MARY ELIZABETH RICH,
and BARBARA W. SANER,

                            Defendants.
_____

## <u>AFFIDAVIT IN OPPOSITION TO DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT</u>

STATE OF NEW YORK
COUNTY OF MONROE:     ss.

       I, **BROOK CHAMBERY,** being duly sworn, depose and say:

       1.     I am a plaintiff in this action.   I have personal knowledge of the matters set forth herein.

       2.     I submit this affidavit in opposition to all defendants' motions for summary judgment.

**EXHIBITS**

3.     Annexed hereto and submitted in opposition to defendants' motions for summary judgment are the following exhibits:  2, 3, 7, 8, 10, 11, 13, 17, 19, 20, 21, 22, 24, 25, 26, 29, 32, 33, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 50, 51, 53, 54, 55, 56, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 84, 85, 88, 89, 91, 92, 93, 94, 95, 96, 97, 98, 100, 103, 104, 107, 109, 113, 114A, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 127A, 128, 133, 137, 139, 140, 142, 143, 147, 148, 149, 150, 151, 156, 158, 162, 163, 165, 167, 172, 173, 174, 176, 177, 178, 186, 187, 191, 192, 193, 196, 197, 198, 199, 200, 201, 202, 204, 205, 206, 207, 208, 212, 213, 216, 224, 225, 227A, 229, 230, 231, 232, 233, 234, 235, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 253, 260, 266, 267, 270, 271, 275, 277, 278, 279, 282, 284, 287, 288, 290, 291, 292, 292, 293, 294, 298, 301, 303, 304, 305, 307, 308, 313, 314, 318, 319, 320, 321, 322, 323, 328, 329, 330, 331, 333, 334, 336, 337, 338, 340, 341, 342, 345, 347, 349, 354, 364, 374, 375, 376, 377, 380[a], 382, 386, 387, 388, 392 and 395.

4.     All exhibits are being electronically filed as attachments to this affidavit, in compilation PDF files, each of which contains several exhibits.  Each of the PDF files utilizes the "bookmark" feature, such that any particular exhibit within the file can be immediately located by clicking on the bookmark index on the left of the main screen when viewing the file.  In addition, a courtesy hard copy of the exhibits in three ring binders is being supplied to the Court.

5.     Exhibit 227A is a true and accurate transcript of the voicemail message of Steven Steinhardt on June 11, 1999.  This is submitted in lieu of Exhibit 227, which is an audio file of the actual voicemail message.  The audio file can be supplied to the Court if requested.

6.      I was present for every deposition conducted in this case.  Each of the referenced exhibits (with the clarification noted with respect to Exhibits 227 and 227A) was identified at one or more of those depositions by a witness with personal knowledge, and is marked with the same exhibit number used during depositions.

7.      Each of the referenced exhibits, therefore, has been authenticated previously, by a witness with knowledge.  Most of the exhibits have also been submitted by the DOH Defendants in connection with their motions for summary judgment and have been relied on by them in their submissions.  In addition, most of the exhibits have been authenticated by defendants' admission (Exhibit F [Attached to Cooman Affidavit]),[1] or by the stipulation of the parties related to DOH emails. (Exhibit I [Attached to Cooman Affidavit].

8.      Filed herewith as Exhibits 501-537 inclusive, are additional exhibits, the authenticity of which is not in question.

9.      Exhibit 505 is a true and accurate copy of a letter that I received from HCFA dated December 5, 2000 in response to a Freedom of Information inquiry which I made.

10.     Exhibit 515 consists of true and accurate copies of pages from the HCFA State Operations Manual describing various nursing home survey requirements as they existed in 1999.

11.     Exhibit 520 is a true and accurate copy of a letter I wrote to defendant Henry Greenberg on April 6, 1999.

---

[1]   The Cooman Affidavit referenced here is filed in connection with plaintiffs' opposition to defendants' summary judgment motions, and authenticates the several admissions by defendants, a stipulation of the parties, and deposition transcripts, all of which are filed as Exhibits A through L.

12.     Exhibit 525 consists of true and accurate copies of three written offers I received for the purchase of Beechwood Restorative Care Center in the summer of 1999, and Exhibit 526 are my notes of my telephone conversation with an officer of the prospective purchaser of Beechwood in July 1999.

13.     Exhibit 529 is a true and accurate copy of the letter I received from Sanford Rubin dated November 18, 1996, in connection with the events that gave rise to the Langeveld Litigation.

14.     Exhibits 530 and 531 are true and accurate copies of letters written by my counsel on behalf of Beechwood to Sanford Rubin on November 21, 1996 (Exhibit 530), and to Steven Steinhardt on November 22, 1996 (Exhibit 531), regarding events that gave rise to the Langeveld Litigation.

15.     Exhibits 529, 530 and 531 were originally attached as Exhibits C, D, and E, respectively, to Beechwood's petition commencing the Langeveld Litigation against Sanford Rubin and the New York State Department of Health.

16.     Exhibit 532 is a true and accurate copy of an affidavit of service of the petition in the Langeveld Litigation upon Steinhardt on November 29, 1996.

17.     Exhibit 533 is a true and accurate copy of a page from the New York Register on May 2, 2001 (a public record), showing the expiration of the DOH rulemaking process related to resident discharge issues following the Langeveld Litigation.

18.     Other than those enumerated exhibits, the remainder of exhibits 501-537 are all documents obtained from the defendants, from DOH files, or from the MFCU files pursuant to subpoena and court order.

19.     To my knowledge, there are no issues of authenticity with respect to any of these exhibits.

**HISTORICAL INFORMATION**

20.     The following table summarizes the history of Beechwood's surveys from 1993 through 1998, and their respective outcomes:

| <u>Year</u> | <u>Survey</u> | <u>SOD allegations</u> | <u>Resolution/Outcome</u> |
|------|--------|----------------|-------------------|
| 1993 | Standard | No deficiencies | Substantial compliance |
| 1994 | Standard | No deficiencies | Substantial compliance |
| 1995 | Standard (9/15) | 2 "D" level deficiencies | Deficiencies rescinded after IDR; Substantial compliance |
|      | Abbreviated(11/21) | 1 deficiency (Discharge-related) | Deficiency rescinded after IDR and protests; Substantial compliance |
| 1996 | Standard (9/23) | 3 "D" level deficiencies | 1 of 3 deficiencies rescinded after IDR;  Substantial compliance 11/26/96 |
|      | Abbreviated (11/8) | 1 "D" level deficiency (Langeveld discharge) | Deficiency rescinded after IDR; Substantial compliance 12/5/96 |
| 1997 | Standard (10/3) | 3 deficiencies (B, D, LS Code) | IDR utilized, and protests to HCFA; Corrections accepted; Substantial compliance 12/30/97 |
|      | Abbreviated (10/21) | 1 "D" level deficiency | IDR utilized and protests to HCFA; Corrections accepted; Substantial |

| Year | Survey | SOD allegations | Resolution/Outcome |
|------|--------|-----------------|--------------------|
|      |        |                 | compliance 12/30/97 |
| 1998 | Abbreviated (2/24) | 1 "G" level deficiency | IDR utilized, and protests to HCFA; Corrections accepted; Substantial compliance 4/29/98 |
|      | Standard (10/98) | 6 deficiencies (B; 4-D's, G) | IDR utilized, and protests to HCFA; 1 deficiency rescinded; others rewritten; Corrections accepted; Substantial compliance 1/5/99 |

## LOSS OR DESTRUCTION OF DOCUMENTS

21.     There are numerous documents and categories of documents which have been sought either by me through FOIL proceedings, or by plaintiffs' attorneys through discovery proceedings, from 1999 through this date, but which have never been produced.

22.     By way of example only, plaintiffs point to three key categories of documents which, as admitted by defendants, no longer exist.

23.     Exhibit 29 consists of excerpts from the handwritten notebooks of defendant Sharon Carlo.  Carlo kept these notebooks while employed at DOH, and made contemporaneous entries into her notebooks regarding meetings, conversations, and telephone calls.

24.     Exhibit 29 contains entries in Carlo's notebooks commencing April 8, 1999. However, Carlo clearly had contact with other parties regarding Beechwood prior to that date. (See Exhibit 321).  There are, however, no copies of any of the notebook pages prior to April 8, 1999.

- 6 -

25.     In addition, plaintiffs have never had an opportunity to review the original Carlo notebooks, to determine whether defendants produced all the entries relating to Beechwood, or just some of those entries.

26.     There are no pages from any time after June 23, 1999.

27.     Carlo testified that she did not take her notebooks home; they always remained with DOH.  (Carlo 51, 52).

28.     Today, the notebooks are no longer in existence.  Defendants admit that they have become lost or were destroyed.   (Exhibit G, Responses 54 and 55 [Attached to Cooman Affidavit]).

29.     Defendant Arlene Gray testified that she maintained a special file for Beechwood—the only time she could recall doing that during her entire tenure at DOH.  (Gray 26, 27).

30.     Gray's file has not been produced in this litigation, and defendants admit that it has become lost or destroyed.   (Exhibit G, Responses 56 and 57 [Attached to Cooman Affidavit]).

31.     Much of the incriminating evidence in this case comes from defendants' emails.  DOH has admitted, however, an inability to produce emails over 90 days old.  (See Exhibit 527, ¶ 7).  In addition, DOH is unable to produce email: (1) created within that 90 day time frame if the email was deleted within the same week it was created and sent; or (2) created prior to May 9, 1999.  At the DOH hearing, in responding to a subpoena for a email related to a limited number of DOH staff, the DOH Director of information technology confirmed that:  "We can

provide a copy of what the mail looked like … on May 9, 1999 and again on every Sunday through July 25.  *We can not tell you anything about what was received and subsequently deleted in between each Sunday or prior to May 9, 1999.*"  (Exhibit 537)(emphasis added).

32.     These are but a few examples of the many documents relevant to the events occurring during the 1999 DOH Offensive that no longer exist.  Defendants have destroyed or permitted the destruction of innumerable relevant documents in this case.

s/Brook Chambery<br>
Brook Chambery

Sworn to before me on the
28th day of April 2011.


s/Kevin S. Cooman
Notary Public
Monroe County, New York
My Commission Expires April 30, 2015