UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEECHWOOD RESTORATIVE CARE
CENTER, BROOK CHAMBERY, and
OLIVE CHAMBERY,

                        Plaintiffs,        **STIPULATION AND**
                                          **ORDER OF SETTLEMENT**
        -vs-

                                          02-CV-6235

LAURA E. LEEDS, SANFORD RUBIN,
SUSAN T. BAKER, SHARON A. CARLO,
and CYNTHIA T. FRANCIS,

                        Defendants.

---

      **WHEREAS**, plaintiffs, Beechwood Restorative Care Center, Brook Chambery, and Olive Chambery, filed a complaint on April 26, 2002, alleging that defendants violated plaintiffs' constitutional, statutory and/or civil rights; and

      **WHEREAS**, this action came on for a bifurcated jury trial on May 14, 2012, with an adjudication of liability against the defendants named in the caption above on June 26, 2012, and the parties negotiated in good faith to settle the case prior to the jury's determination of damages; and

      **WHEREAS**, none of the parties to the above-captioned action is an infant or incompetent person; and

      **WHEREAS**, the parties in the above-captioned matter are desirous of discontinuing the litigation;

      **IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their respective counsel as follows: The parties hereby agree that the hereinabove

captioned action is dismissed and discontinued with prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure subject to conditions executed by and between the parties.

1. Any and all of the claims for damages by plaintiffs which are the subject of this action or otherwise arise out of any of the incidents alleged in the complaint are hereby settled for the sum of Twenty Five Million Dollars ($25,000,000) in full satisfaction of all claims for damages, costs, disbursements and legal fees in this court and in any other court.

2. The Twenty Five Million Dollars ($25,000,000) check in payment of the sum recited in paragraph one (1) hereinabove shall be drawn to the plaintiffs or to such other payees as designated by them and mailed to plaintiffs' attorney: Kevin S. Cooman, Esq., McConville Considine Cooman & Morin PC, 25 East Main Street, Rochester, New York 14614.

3. In consideration of the payment of the sum recited in paragraph one (1) hereinabove the plaintiffs, Beechwood Restorative Care Center, Brook Chambery, and Olive Chambery, hereby release each of the defendants named in the original complaint and any and all current or former employees of the New York State Department of Health in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the New York State Department of Health, from any and all claims, liabilities and causes of action including but not limited to claims related to or arising out of any alleged violation of plaintiffs' constitutional rights, and all other causes of action and claims of liability arising out of the circumstances set forth in the complaint in

the above-captioned action as well as all other cases plaintiff may have pending with New York State Department of Health and its employees, including any Court of Claims action.

4. Nothing in this So Ordered Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by any of the defendants who were found to be not liable or were otherwise dismissed from this action or the New York State Department of Health regarding any of the allegations made by the plaintiffs in their complaint herein including but not limited to claims that the plaintiffs' rights under the Federal or New York State Constitutions or Statutes had been violated and all other claims set forth in the complaint.

5. Payment of the amount recited in paragraph one (1) hereinabove will be made upon the audit and warrant of the Comptroller pursuant to Public Officers Law Section 17(3)(d).

6. Payment of the amounts recited in paragraph one (1) hereinabove will be made within one hundred twenty (120) days after the approval of this stipulation by the Court and receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement as entered by the Court. In the event that the aforesaid payment is not made within the one hundred twenty (120) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred twenty-first (121) day after receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement.

7. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

8. This Stipulation and Order of Settlement embodies the entire agreement.

Dated: Rochester, New York
Sept. 11, 2012

_____
KEVIN S. COOMAN
McConville Considine Cooman & Morin PC
25 East Main Street
Rochester, New York 14614
Attorney for Plaintiffs

Dated: Rochester, New York
Sept. 17, 2012

HON. ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

_____
DEBRA A. MARTIN
Assistant Attorney General In Charge
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430

SO ORDERED:
Dated: Rochester, New York
Sept.____, 2012

4

_____
HON. DAVID G. LARIMER
United States District Judge
September 18, 2012